IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAMON CANDELARIA HERNANDEZ JR.,

    Plaintiff,

     v.                                                                                                        No. CIV 15-0205 JB/GBW

HEALTH CARE PROVIDERS 2925 CARLISLE BLVD.
ALBUQUERQUE N.M. 87110,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). Because the Court grants the IFP motion, the filing fee for this civil rights complaint is $350.00. Under § 1915(b)(1), (2), Plaintiff must pay the full amount of the filing fee in installments. Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1). For reasons set out below, the Court will require an amended complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)

(quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In his complaint Plaintiff alleges that he has not been receiving medical care for his serious medical conditions. He names no individual Defendants. Plaintiff alleges that he has been denied medication that was previously prescribed for his anxiety and depression. The new prescription that he was given has caused leg pain. Plaintiff also alleges that he has a painful bone tumor in his mouth that staff at the detention center refuse to treat. For relief, he asks that "justice be done and the defendants be held accountable."

The complaint fails to state a claim for relief against a Defendant. Plaintiff states that staff at the Grant County Detention Center refuse to assist him in obtaining medical treatment, but he brings his claims against an entity provider in Albuquerque. Although the complaint mentions a "Dr. Santiago, [who] put me on some medication that after a week of consuming, [I] had to stop takin [sic]," Plaintiff does not appear to assert a claim against this party. "[T]o present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted). Plaintiff will be directed to present factual allegations identifying the individual(s) who denied him treatment. Failure to comply with this Order may result in dismissal of Plaintiff's complaint.

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 5) is GRANTED, and an initial partial payment pursuant to

§ 1915(b)(1) is WAIVED;

IT IS FURTHER ORDERED that Plaintiff make monthly installment payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why payment should be excused, and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that, within twenty-one (21) days from entry of this Order, Plaintiff shall file an amended complaint containing adequate factual allegations against specific individuals who denied him necessary medical treatment; and the Clerk is directed to mail a form Civil Rights complaint to Plaintiff with a copy of this Order.

_____
UNITED STATES MAGISTRATE JUDGE