IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAMON CANDELARIA HERNANDEZ,

    Plaintiff,

vs.                                    No. CIV 15-0205 JB/GBW

H.C.P. MARIAM BORNACI,
G.C.D.C. ADMIN MIKE CARRILLO, and
COUNTY CLERK ROBERT ZAMARIPPA,[1]

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on the Prisoner's Civil Rights Complaint, filed August 6, 2015 (Doc. 7)("Complaint"). Plaintiff Candelaria Hernandez is incarcerated at the Grant County Detention Center, appears pro se, and is proceeding in forma pauperis. For the reasons described below, the Court will dismiss certain of Hernandez's claims.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2). The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must

---

[1] The text of the Prisoner's Civil Rights Complaint, filed August 6, 2015 (Doc. 7) ("Complaint"), spells Defendant County Clerk Robert Zamarippa's last name both as it appears in the caption and as "Zamarripa." For consistency, the Court uses the spelling in the caption.

allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing Hernandez' pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint[2] alleges that Hernandez has a painful bump inside his mouth. In his first amended complaint, see Prisoner's Civil Rights Complaint, filed May 11, 2015 (Doc. 4), Hernandez referred to the bump as a bone tumor. He alleges that the bump continues to grow and become more painful. When he sought treatment, a provider prescribed antibiotics and non-prescription pain medications. This treatment gave no relief, and staff then took Hernandez to the Gila Regional Medical Center in Silver City, New Mexico. A physician allegedly advised Hernandez that he needed surgery, although the Patient Visit Information form makes no mention of this advice. See Complaint at 13-16. Hernandez asked Defendants G.C.D.C. Admin Mike Carrillo and County Clerk Robert Zamarippa, as well as unknown medical staff, to follow up on the doctors' advice, but they declined to authorize surgical treatment. He contends that the Defendants' actions violated unspecified federal and state constitutional requirements of necessary medical treatment for prisoners. For relief, the complaint seeks damages and an order requiring the Defendants to provide medical treatment for Hernandez.

The Complaint contains no allegations against named Defendant H.C.P. Mariam Bornaci, affirmatively linking her to the asserted denial of treatment. See Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, a plaintiff must

---

[2] The Complaint, which is the second amended complaint, supersedes the original complaint, Civil Action, filed March 9, 2015 (Doc. 1), and the first amended complaint, Prisoner's Civil Rights Complaint, filed May 11, 2015 (Doc. 4). See Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991)("[T]he amended complaint supersedes the original."); Franklin v. Kan. Dep't of Corr., 160 F. App'x 730, 733 (10th Cir. 2005)(unpublished)(same).

- 3 -

allege some personal involvement by a defendant in the constitutional violation.  See Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996).   A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers which the official supervised.  See Mitchell v. Maynard, 80 F.3d at 1441.  The Court will dismiss claims against Bornaci.

**IT IS ORDERED** that Plaintiff Ramon Candelaria Hernandez' claims against Defendant H.C.P. Mariam Bornaci are dismissed; and the Clerk is directed to issue notice and waiver of service forms, with copies of the Prisoner's Civil Rights Complaint, filed August 6, 2015 (Doc. 7) ("Complaint"), and this Order, to Defendant Robert Zamarippa at the address on page 3 of the Complaint, and to Defendant Mike Carrillo at the Grant County Detention Center.

_____
UNITED STATES DISTRICT JUDGE

*Party:*

Ramon Hernandez
Grant County Detention Center
Silver City, New Mexico

    *Plaintiff pro se*